UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-21861-CIV-GOLD

RICHARD REYES, on behalf of himself and
similarly situation employees of defendant,

         Plaintiffs,

v.

CARNIVAL CORPORATION,

         Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING MOTION TO APPROVE SETTLEMENT, DISMISSING CASE WITH PREJUDICE, AND CLOSING CASE

THIS CAUSE is before the Court upon Plaintiffs' Unopposed Motion to Approve Settlement Agreement, with Incorporated Memorandum of Law, filed with the Court on March 31, 2006 **[DE 199]**. This Court conducted a fairness hearing on the terms of the Motion on April 24, 2006 and September 15, 2006. After considering the Motion and the arguments raised by counsel at the two fairness hearings, I conclude that the amount of the settlement agreement is fair, as is the amount of attorneys' fees awarded to Plaintiffs' counsel.

### BACKGROUND

On July 23, 2004, Plaintiff Richard Reyes ("Lead Plaintiff") filed a Complaint against Defendant, Carnival Corporation ("Carnival") for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* **[DE 1]**. Lead Plaintiff alleges that he, and other similarly situated individuals employed by Carnival as personal vacation planners, cruise bookers, and customer sales representatives were not compensated for overtime hours despite working more than 40 hours per week. (Compl. ¶¶ 11 and 12). Carnival filed an Answer and

1

Affirmative Defenses on August 23, 2004 **[DE 5]**.

On December 22, 2004, Plaintiff filed a ninety-page Omnibus Motion with Incorporated Memorandum of Law, for Conditional Certification of Collective Action under the Fair Labor Standards Act, Production by Defendant of a Comprehensive List of Present and Former Employees, and Court-Authorized Mailing of Opt-In Notices, with Proposed Notice and Opt-In Form (the "Motion for Conditional Certification") **[DE 14]**. On January 7, 2005, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction **[DE 15]**. On January 18, 2005, Plaintiff filed a reply in support of the Motion for Conditional Certification **[DE 20]**.

On May 25, 2005, this Court entered an Order on Defendant's Motion to Dismiss and Plaintiff's Omnibus Motion for Conditional Certification of Collective Action **[DE 30]**, which I clarified on June 14, 2005 **[DE 36]** following limited briefing from the parties. On July 12, 2005, Plaintiff filed a Memorandum in Support of Plaintiffs' Proposed Notice and Consent to Join Into Lawsuit **[DE 44]**.

A dispute developed between the parties concerning Plaintiffs' alleged efforts to publicize this case prior to the Court's entry of an order approving the form of an opt-in notice to be sent to proposed class plaintiffs. Specifically, Defendant sought entry of an order which required Plaintiff's counsel to retract a press release about the case that he had given to several local newspapers and legal publications **[DE 40]**. Defendant also asked the Court to restrain Plaintiff from speaking to potential opt-in plaintiffs via the media, and asked that Plaintiff refrain from circulating the opt-in notice to the media without prior leave of court. Plaintiffs' counsel defended the press release in a fifteen page memorandum of law **[DE 54]**. Magistrate Judge William C. Turnoff denied the relief

2

requested by Defendant on August 9, 2005 **[DE 59]**.

On September 7, 2005, the parties submitted a Joint Discovery Plan **[DE 110]**. Judge Turnoff held a discovery conference on September 9, 2005, after which he ruled that the Defendant could prepare a questionnaire as a discovery tool in evaluating the merits of the opt-in plaintiffs' cases **[DE 114]**. That September 12, 2005 Order also required the parties to automatically exchange compensation information relating to the opt-in plaintiffs, including the number of hours worked by each opt-in plaintiff. The parties worked together with Magistrate Judge Turnoff at various discovery conferences to resolve discovery disputes between them. However, the parties engaged in formal discovery during these proceedings, including the service of requests for production and interrogatories, and the service of responses to same. However, no depositions were conductted in this action.

On February 8, 2006, Plaintiffs filed a Written Notice of Settlement **[DE 190]**. I held a status conference on February 8, 2006, during which I learned that although Lead Plaintiff was aware of the settlement, Plaintiffs' counsel had failed to alert the remaining opt-in plaintiffs of the terms of the settlement. I ordered Plaintiffs' counsel to notice the terms of the settlement, and the means of objecting to the settlement, by written letter to the opt-in plaintiffs **[DE 194]**. I also instructed Plaintiffs to file a motion to approve settlement and proposed order, and I set a fairness hearing on the settlement for April 24, 2006.

Plaintiffs filed an Unopposed Motion to Approve Settlement Agreement with Incorporated Memorandum of Law on March 31, 2006 **[DE 199]**. In that Motion, the parties proposed a settlement in the amount of $199,500. That total was to be broken down into the following payments:

- $6,275.00 to Richard Reyes
- $200.00 to each of 14 opt-in plaintiffs ($2,800.00)
- $724.29 to each of 71 opt-in plaintiffs ($51,424.59)
- $139,000.00 to Plaintiffs' counsel for attorneys' fees

Following the fairness hearing that I conducted on April 24, 2006, I entered an Order in which I expressed concern regarding the amount proposed as compensation for Plaintiffs' counsel's attorney's fees **[DE 201]**. I allowed Defendant time to consider whether it objected to a reallocation of the settlement amount, and I allowed additional time for the parties to consider modification of the settlement. On May 5 and May 18, 2006, Defendant filed statements with the Court indicating that it would agree to reallocate $950.00 to each of the 71 opt-in plaintiffs, but it objected to any further increase (including any increase to the time-barred plaintiffs **[DE 202 and 203]**. Plaintiffs filed their own statement on May 20, 2006, in which Plaintiffs' counsel agreed to the following reallocation of settlement funds:

- $950.00 to each of 71 opt-in plaintiffs from Defendant ($67,450.00)
- $225.71 to each of 71 opt-in plaintiffs from Plaintiffs' counsel ($16,025.41)
- $200.00 to each of 14 opt-in plaintiffs ($2,800.00)
- $2,000.00 to Lead Plaintiff from Defendant
- $4,275.00 to Lead Plaintiff from Plaintiffs' counsel
- $102,699.18 to Plaintiffs' counsel from Defendant for legal fees

Plaintiffs submitted a supplemental memorandum of law in support of the reallocated settlement funds on June 9, 2006 **[DE 210]**. Prior to the hearing on September 15, 2006, Plaintiff submitted a Notice of Compliance, in which funds were once again reallocated, reducing counsel' fee award, and distributing the excess among the Plaintiffs **[DE 221]**.

During the hearing held on September 15, 2006, Plaintiffs' counsel explained that the revised breakdown is as follows:

- $950.00 gross to each of 71 opt-in plaintiffs from Defendant ($67,450.00 gross total; $639.82 to each of the 71 after taxes withheld)
- $280.54 to each of 71 opt-in plaintiffs from Plaintiffs' counsel ($19,918.34 total)
- $200.00 gross to each of 14 opt-in plaintiffs ($2,800.00 gross total; $134.70 to each of the 14 after taxes withheld)
- $2,000.00 to Lead Plaintiff from Defendant ($1,347.00 after taxes withheld)
- $4,275.00 to Lead Plaintiff from Plaintiffs' counsel
- $127,250 to Plaintiffs' counsel from Defendant for legal fees and costs (ultimately, $96,441.38 for fees and $6,615.24 for costs, after Plaintiffs' counsel's reduction of fees in favor of Lead Plaintiff and the 71 opt-in plaintiffs, as set forth above)

## ANALYSIS

This is a settlement in a Fair Labor Standards Act (FLSA) case, in which there has been a total of 88 "opt-in" Plaintiffs. Before a court may approve a settlement in an FLSA case, it must determine that the settlement is fair and reasonable. Like the FLSA, Fed. R. Civ. P. 23(e)--which governs settlement of class actions--requires court approval before a proposed class action settlement may be finalized. Such a settlement must be "fair, adequate and reasonable," and cannot be the product of collusion between the parties. Thus, the Rule 23(e) standard encompasses the "fair and reasonable" settlement standard of the FLSA collective action, and cases interpreting Rule 23(e) are analogous and

applicable to FLSA actions. *Camp v. Progressive Corp.*, 2004 WL 2149097 (E.D. La. 2004). I conclude, therefore, that an analysis of the factors in *Bennett v. Behring Corp.*, 737 F.2d 982, 886 (11th Cir. 1984), is required.[1]

The factors that *Bennett* instructs the Court to consider in evaluating the fairness of a class settlement are: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Bennett*, 737 F.2d at 886.

The likelihood of success on the merits varies between different classes of Plaintiffs. For some, the chance of success is fairly high; for many others, the chance is quite low. Counsel agreed that were any Plaintiffs to succeed, it would be a long and difficult battle. The range of possible recovery is between zero and $184,600, based on the estimated average damages and the number of plaintiffs. The net gross amount to Plaintiffs, after legal fees and costs, of $98,443.48, is fair, adequate and reasonable in view of the risk of trial. This case involved certain legal issues unique in FLSA cases, and required a tremendous amount of document production and review on both sides, resulting in a labor-intensive lawsuit. No objections to the settlement exist from any Plaintiff. Finally, while this case was filed over two years ago, it is still fairly early in the proceedings, as substantial discovery in the form of depositions has not occurred. Considering all of the foregoing, I find the settlement is fair, adequate, and reasonable, and that approval is in the best

---

[1] The Eleventh Circuit requires a *Bennett* factors analysis to determine whether a class action settlement is reasonable, adequate, and fair.

interest of the class.

As to the attorneys' fees, I find the revised amount reasonable in light of the amount of work expended. Moreover, the fees incurred by Defense counsel are comparable. Plaintiffs' counsel has reduced his fee amount, and will give those funds to the Plaintiffs. Although Defense counsel raised concerns with a potential violation of the Florida Rules of Professional Conduct 4-5.4a, which prohibits a lawyer sharing fees with a non-lawyer, I am convinced that this arrangement does not run afoul of the Rules of Conduct. The arrangement will be pursuant to this Court's order with full disclosure, and counsel has offered a reduction in his fees for the purpose of enhancing his clients' settlement. The fee arrangement is therefore excepted out of any conduct prohibitions.

Pursuant to the Settlement Agreement, Defendant will tender all of the checks, including the check to Steven F. Grover, P.A. (Plaintiffs' counsel) to Plaintiffs' counsel within 30 days, and Plaintiffs' counsel will then distribute the checks to Plaintiffs. All unclaimed checks will be returned to Carnival (and voided by Carnival) within 120 days after the signing of the Order of Dismissal.

In light of all of the foregoing, it is hereby **ORDERED and ADJUDGED:**

1. The Motion to Approve Settlement Agreement **[DE 199] is GRANTED** in that the Settlement is fair and reasonable under the *Bennett* factors;

2. Distributions under the Settlement Agreement shall be made as follows:

- $950.00 gross to each of 71 opt-in plaintiffs from Defendant ($67,450.00 gross total; $639.82 to each of the 71 after taxes withheld)

- $280.54 to each of 71 opt-in plaintiffs from Plaintiffs' counsel ($19,918.34 total)

- $200.00 gross to each of 14 opt-in plaintiffs ($2,800.00 gross total; $134.70 to each of the 14 after taxes withheld)
- $2,000.00 to Lead Plaintiff from Defendant ($1,347.00 after taxes withheld)
- $4,275.00 to Lead Plaintiff from Plaintiffs' counsel
- $127,250 to Plaintiffs' counsel from Defendant for legal fees and costs ($120,634.76 for fees, $6,615.24 for costs, but ultimately $96,441.38 for fees and $6,615.24 for costs, after Plaintiffs' counsel's reduction of fees in favor of Lead Plaintiff and the 71 opt-in plaintiffs, as set forth above)

3. This case is DISMISSED WITH PREJUDICE and the matter is CLOSED. This Court retains jurisdiction to enforce the settlement agreement between the parties for a period of sixty (60) days.

4. All pending motions are DENIED AS MOOT. All hearings and deadlines are canceled.

**DONE and ORDERED** in Chambers in Miami, Florida, this ___ day of October, 2006.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

Copies furnished to:
**U.S. Magistrate Judge William C. Turnoff**
**All Counsel of Record**